UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| FERNANDO SIMOES, | ] |
| | ] |
|     Plaintiff, | ] |
| | ] |
|     vs. | ]   6:08-CV-01384-LSC |
| | ] |
| WINTERMERE POINTE | ] |
| HOMEOWNERS ASSOC., INC., | ] |
| et al., | ] |
| | ] |
|     Defendants. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration motions to dismiss filed by each of the defendants in this action: Carl Radcliff (Doc. 24); Michael Gruszka (Doc. 25); Michael Piatek (Doc. 26); Robert Stumbaugh (Doc. 27); and Wintermere Pointe Homeowners Association, Inc. ("the HOA") (Doc. 28).  Plaintiff Fernando Simoes sued Defendants for violations of 42 U.S.C. § 1981; the Fair Housing Act ("FHA"), 42 U.S.C. § 3617; and "declaratory relief."  (Doc. 2.) The issues raised in Defendants' motions have been fully briefed by the parties and are ripe for review.  After full consideration of the argument and

evidence presented, it is the opinion of this Court that Defendants' motions are due to be granted in part and denied in part.

II.   Facts.[1]

Plaintiff Fernando Simoes owns a home in the Wintermere Pointe Subdivision in Orange County, Florida. A fence ("the Fence") runs immediately adjacent to Plaintiff's home and four other homes in the subdivision. The Fence was constructed as a barrier to a water retention area, and its ownership was ceded to the HOA in or around 2002.

The HOA is a Florida not-for-profit corporation that operates in, and owns the common elements of, the Wintermere Pointe Subdivision. Michael Gruszka, Carl Radcliffe, Robert Stumbaugh, and Michael Piatek were officers of the HOA at all times material to the claims in Plaintiff's Amended Complaint.

In approximately February 2007, the HOA began sending notices to Plaintiff regarding his alleged failure to maintain the Fence on his property. Ultimately, the HOA issued Plaintiff a citation ("the Citation"). Plaintiff

---

[1] The facts recited in this opinion are, unless otherwise indicated, taken from the allegations contained in Plaintiff's Amended Complaint. (Doc. 2.)

contends that he attempted to defend himself against the Citation in one or more hearings before the HOA. At some time during this process, Gruszka told the other HOA officers: "as you know, Brazilians are really trouble."

On or about January 28, 2008, the HOA commenced formal litigation ("the Lawsuit") against Plaintiff and sued in the Circuit Court, Orange County, Florida, to enforce the Citation. Plaintiff contends, however, that the HOA made no formal claims against non-minority homeowners residing adjacent to the Fence who also did not make repairs.

III.   Standard.

A defendant may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if the plaintiff has failed to state a claim upon which relief may be granted. "The standard of review for a motion to dismiss is the same for the appellate court as it [is] for the trial court." *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint "does not need detailed factual allegations;" however, the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).[2] The plaintiff must plead "enough facts to state a claim that is plausible on its face." *Id.* at 1974.

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). All "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). "[U]nsupported conclusions

---

[2]In *Bell Atlantic Corporation v. Twombly*, the United States Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," which was set forth in *Conley v. Gibson*. *See Twombly*, 127 S. Ct. at 1968 (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). The Supreme Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1960.

of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003)(quoting *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997).

IV. Analysis.

    A. 42 U.S.C. § 1981.

"In order to make out a *prima facie* case of non-employment discrimination sufficient to withstand a motion for judgement as a matter of law under section 1981, a plaintiff will have to establish that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (in this case, the making and enforcing of a contract)." *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000). Defendants argue that Plaintiff's § 1981

claim should be dismissed because (1) Plaintiff's rights under the Covenants and Restrictions of Wintermere Point ("the C&R") are *property* rights and not *contractual* rights; and (2) Plaintiff has not set forth sufficient facts to support a § 1981 claim against the HOA officers individually.

"To state a claim under § 1981, a plaintiff must identify 'an impaired "contractual relationship" . . . under which the plaintiff has rights.'" *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 890 (11th Cir. 2007) (quoting *Domino's Pizza, Inc. v. McDonald*, 126 S. Ct. 1246, 1249 (2006)). Defendants cite *In re Rivera*, 256 B.R. 828, 833-34 (M.D. Fla. 2000), for the proposition that covenants are property rights. They argue that Plaintiff cannot pursue a § 1981 claim for discrimination based on his rights under the C&R because they are property—not contract—rights. However, *In re Rivera* deals only with the obligation to pay homeowners' association assessments pursuant to a recorded declaration of covenants. The case is not binding authority on this Court, and it does not establish that, as a matter of law, all obligations outlined in documents such as the C&R at issue are property rights and not contract rights.

Defendants are correct, however, that Plaintiff has failed to set forth sufficient facts to support his § 1981 claims against the individual HOA officers. First, the allegations in Count I only reference the HOA's lawsuit and the HOA's issuance of a citation. Count I does not include any adoption or incorporation of previously listed "background" facts, nor does it include any facts regarding the manner in which each HOA officer allegedly participated in the issuance of the Citation or the initiation/prosecution of the Lawsuit. Moreover, other than a reference to Gruszka's "offensive remarks" (previously described in the Amended Complaint as a single statement about "Brazilians" that was made at a hearing after the issuance of the Citation), the Plaintiff does not allege any facts that would show the individual HOA officers acted with discriminatory intent based on Plaintiff's race or ethnicity.[3]

---

[3] Defendants do not question Plaintiff's pursuit of a § 1981 claim based on his "Latin American heritage." Plaintiff references Gruzka's statement about "Brazilians" in his Amended Complaint, but it is worth noting at the outset that § 1981 claims cannot be proven through a showing of discrimination based on "place or nation of origin." *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 613 (1987). Section 1981 does, however, "protect from discrimination identifiable classes of persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." *Id*. "Such discrimination is racial discrimination that Congress intended § 1981 to forbid, whether or not it would be classified as racial in terms of modern scientific theory." *Id*. In Count I, Plaintiff contends that he has been discriminated against because of his

Simply put, Plaintiff's factual allegations are not sufficient to raise his right to relief against the individual HOA officers under § 1981 above the "speculative level." *See Twombly*, 127 S. Ct. at 1965. Therefore, Plaintiff's § 1981 claims against the individual HOA officers, Gruszka, Radcliffe, Stumbaugh, and Piatek, will be dismissed without prejudice.

B.  Fair Housing Act.

Plaintiff specifies in Count II of his Amended Complaint that he contends "the HOA and its officers" violated § 3617 of the FHA. Section 3617 states:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C. § 3617.[4]

---

"Latin American heritage." Assuming that a claim of Latin American discrimination is actionable under § 1981, Plaintiff will need to establish that a statement about "Brazilians" is evidence of racial or ethnic animus—and not animus due to Plaintiff's country of origin.

[4] Sections 3603 through 3606 prohibit discrimination based on race or national origin.

Defendants argue that Plaintiff has failed to state a cognizable claim under § 3617 because he has not alleged sufficient facts to support a violation of sections 3603 through 3606.  However, they then acknowledge that "the Eleventh Circuit has concluded that section 3617 does not require proof of violation of sections 3603-3606 in order to create liability," (*see* Doc. 24 at 5); *see also Sofarelli v. Pinellas County*, 931 F.2d 718, 722 (11th Cir. 1991), and maintain that Plaintiff must allege threatening or violent conduct to proceed with his § 3617 claim.  Defendants cite *Gourlay v. Forest Lake States Civil Ass'n of Port Richey, Inc.*, 276 F. Supp. 2d 1222 (M.D. Fla. 2003), in support for the latter proposition.

As Plaintiff points out in his response, however, the *Gourlay* order was vacated at the request of the parties pursuant to a settlement agreement. *Gourlay v. Forest Lake States Civil Ass'n of Port Richey, Inc.*, 2003 WL 22149660 (Sept. 16, 2003).  Further, even if *Gourlay* had not been vacated, its reasoning is not binding on this Court, nor does this Court find the *Gourley* interpretation of the phrase "coerce, intimidate, threaten, or interfere" persuasive.  At this point in the proceeding, Plaintiff has alleged coercion and interference through selective prosecution in a civil suit.

Defendants have not established that, as a matter of law, such an allegation is insufficient for Plaintiff to proceed with his claim under § 3617.

Yet, Plaintiff has not alleged sufficient facts to support his claim against the individual HOA officers.  All of the background facts except Gruszka's statement about "Brazilians" describe the actions of the HOA.  As in Count I, it is not clear if and how each HOA officer participated in the purported discriminatory violations at issue.  Because a right to relief against the HOA officers would again be merely speculative, Defendants' motion to dismiss Count II of Plaintiff's Amended Complaint will be granted with regard to the individual HOA officers; the motion will be denied as to the HOA.

    C.    Declaratory Relief.

In Count III of his Amended Complaint, Plaintiff requests "declaratory relief." Specifically, Plaintiff contends that the Citation is unlawful "to the extent that it seeks to shift the legal responsibility from the HOA to individual homeowners for the maintenance of an improvement constituting a common element owned by the HOA."  (Doc. 2 ¶ 31.)  Plaintiff asks this Court to "issue declaratory relief deeming the Citation unlawful, of no legal

force or effect and void *ab initio*." (*Id*. ¶ 32.)  Defendants argue that this issue is currently pending before the Circuit Court of Orange County, Florida, as stated in paragraph 16 of the Amended Complaint, and the Court should dismiss the claim or stay its decision pending the outcome of the state court litigation.

Plaintiff does not cite the legal basis for his pursuit of declaratory relief in the Amended Complaint, nor does he correct Defendants' assumption that the request for relief is made pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  A district court's decision whether to allow a claim for a declaratory judgment is discretionary.  *See Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005).  And, the United States Supreme Court has stated that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Id*. at 1325 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942).

Plaintiff argues that this lawsuit presents federal discrimination claims that have not been raised in the state court proceeding. The Court agrees, but Plaintiff's request for declaratory relief is not dependent on those federal discrimination claims. Because Count III addresses only the enforceability of the Citation and a determination regarding the person(s) legally responsible for maintenance of the Fence—matters which will need to be decided by the Circuit Court of Orange County in the pending state court proceeding—the Court declines to exercise jurisdiction over this claim. Plaintiff's claim for declaratory relief will therefore be dismissed without prejudice.

V.   Conclusion.

For the reasons stated above, Defendants' motions will be granted in part and denied in part. A separate order will be entered.

Done this <u>28th</u> day of <u>October 2008</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
<sub>139297</sub>